UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS THOERIG, | ) | CASE NO. 1:22-cv-1272 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | JUDGE BRIDGET M. BRENNAN |
| ANNETTE CHAMBERS-SMITH, *et al*., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) ) | |

**Background**

*Pro se* Plaintiff Douglas Thoerig, an Ohio prisoner in the Lorain Correctional Institution (LCI), has filed an *in forma pauperis* civil rights complaint under 42 U.S.C. § 1983 against Ohio Department of Rehabilitation and Correction Director Annette Chambers-Smith, Ohio Adult Parole Authority Chief Hearing Officer Michael Anderson, and LCI Warden Jennifer Gillece-Black. (Doc. No. 1.)

Although his complaint and the pages of materials he submitted with it are unclear and difficult to parse for specifics, the basis for his complaint is that he and other prisoners are being illegally subjected to post release control in connection with their state sentences. Plaintiff contends he and other prisoners should not be made to serve post release control. As to the relief he seeks, his complaint is not clear (*see id*. at 6, ¶ VI), but he states on the civil cover sheet that he wants "to be vacated" from post release control. (*See* Doc. No. 3 at 1.) He further seeks to bring the action on behalf of himself and other inmates who he contends are being illegally sentenced to post release control.

**Standard of Review and Discussion**

Federal district courts are expressly required, under 28 U.S.C. § 1915A, to screen all

complaints filed in federal court in which a prisoner seeks redress from governmental officers and employees, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). A complaint fails to state a claim upon which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915A).

Upon review, the Court finds that plaintiff's complaint must be dismissed.

Beginning with *Preiser v. Rodriquez*, 411 U.S. 475 (1973), federal courts have drawn careful lines between relief properly considered in a *habeas corpus* action and relief that is properly sought in a civil rights action under § 1983. The Supreme Court made clear in *Preiser* that when a plaintiff is challenging the validity of his conviction or sentence and the relief he seeks is immediate or speedier release, he must seek *habeas corpus* relief under 28 U.S.C. § 2254 rather than relief in a § 1983 civil rights action. *See id*. at 500 ("We hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*.").

Accordingly, plaintiff's complaint, challenging the post release control portion of his sentence and seeking to have that portion of his sentence "vacated," does not state a plausible civil rights claim upon which he may be granted relief. Plaintiff's sole federal remedy is a writ of *habeas corpus*. *See, e.g., Williams v. Ohio*, No.1: 21-cv-1018, 2021 WL 4060383, at *2 (N.D.

Ohio Sept. 7, 2021) (dismissing civil rights complaint brought by Ohio prisoner seeking release from post release control portion of his sentence).

Even if plaintiff were seeking damages rather than release, his complaint still fails to state a plausible civil rights claim. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid under § 1983, a plaintiff must first show that the conviction or sentence at issue has already been reversed on direct appeal or called into question by a court's issuance of a writ of *habeas corpus*. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Plaintiff's action seeks to invalidate a portion of a state sentence, but he has not alleged or demonstrated that the sentence has been reversed or called into question in any way as required by *Heck*. Accordingly, he has not stated a cognizable civil rights claim.

Finally, plaintiff has not alleged a plausible claim to the extent he purports to bring this action on behalf of anyone other than himself. The Sixth Circuit has made clear that prisoners proceeding *pro se* may not represent other prisoners in federal court. *See Marr v. Michigan*, No. 95-1794, 1996 WL 205582, at *1 (6th Cir. Apr. 25, 1996) (stating that "an imprisoned litigant who is not represented by counsel may not represent a class of inmates because the prisoner cannot adequately represent the interests of the class"). *See also Corn v. Sparkman*, No. 95-5494, 1996 WL 185753, at *1 (6th Cir. Apr. 17, 1996) ("A prisoner cannot bring claims on behalf of other prisoners."); *Proctor v. Applegate*, No. 07-12414, 2008 WL 2478331, n.3 (E.D. Mich. June 16, 2008) ("It is well-established that plaintiff Proctor may only represent himself with respect to his individual claims, and may not act on behalf of other prisoners.").

## Conclusion

For all of the foregoing reasons, plaintiff's complaint is dismissed pursuant to 28 U.S.C. §

3

1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be good faith.

**IT IS SO ORDERED.**

Date: October 27, 2022

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE